United States District Court
Southern District of Texas
**ENTERED**
December 17, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE EARL CROWDER, § <br> TDCJ #703837, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> WILLIAM STEPHENS, Director, § <br> Texas Department of Criminal § <br> Justice, Correctional § <br> Institutions Division, § <br> § <br> Respondent. § | CIVIL ACTION NO. H-15-3642 |

### MEMORANDUM OPINION AND ORDER

The petitioner, Joe Earl Crowder (TDCJ #703837), has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) seeking relief from four prison disciplinary convictions. Crowder has also filed an Application to Proceed In Forma Pauperis (Docket Entry No. 2). After considering the pleadings and the applicable law, the court will dismiss this action for the reasons explained below.

### I. Background

Crowder is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of a 1995 conviction in Harris County cause number 665790. A jury in the 182nd District Court for Harris County, Texas, convicted Crowder of aggravated robbery and he was sentenced

to 45 years' imprisonment in that case. See Crowder v. State, No. 14-95-00178-CR (Tex. App. — Hous. [14th Dist.] July 17, 1997, pet. ref'd). The conviction was affirmed on direct appeal in an unpublished opinion. See id.

In the pending Petition Crowder seeks relief from four prison disciplinary cases that were entered against him at the Wynne Unit, where Crowder is currently assigned.[1] In particular, Crowder challenges his conviction for violating prison rules by being "out of place" in disciplinary cases #2014181866, #20150176210, #20150339521, and #20150370126.[2] As a result of these disciplinary convictions, Crowder forfeited previously earned good-time credit and he lost commissary privileges, among other things, for 45 days.[3] Crowder was also reduced in classification status as the result of his disciplinary convictions.[4] Although he does not provide specific grounds for relief, Crowder alleges that the challenged disciplinary convictions were entered against him in "violation of due process."[5] For reasons explained below, the

---

[1] Petition, Docket Entry No. 1, p. 5.

[2] Id.

[3] Id.

[4] Id.

[5] Id. When prompted to provide specific grounds for relief, Crowder takes issue with his underlying conviction in cause number 665790, alleging that he was falsely convicted of aggravated robbery. Id. at 6-7. Because these allegations duplicate those made by Crowder in a separate Petition filed in Civil No. H-15-3641 (S.D. Tex.), the court will not address these allegations in this case.

court concludes that Crowder fails to state an actionable claim under the legal standard that governs disciplinary proceedings in the prison context.

## II. Prison Disciplinary Proceedings

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wolff v. McDonnell, 94 S. Ct. 2963, 2974-75 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. See Sandin v. Conner, 115 S. Ct. 2293, 2302 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. See Kentucky Dep't of Corrections v. Thompson, 109 S. Ct. 1904, 1908 (1989) (citation omitted). To the extent that the disciplinary conviction may affect the petitioner's eligibility for early release from prison, the Due Process Clause does not include a right to conditional release before the expiration of a valid sentence. See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 99 S. Ct. 2100, 2104 (1979). Under these circumstances, the petitioner's claims depend on the existence of a constitutionally protected liberty interest created by state law.

The Supreme Court has decided that only those state-created substantive interests that "inevitably affect the duration of [a

prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. <u>Sandin</u>, 115 S. Ct. at 2302. <u>See also</u> <u>Orellana v. Kyle</u>, 65 F.3d 29, 31-32 (5th Cir. 1995). In Texas only those inmates who are eligible for the form of parole known as mandatory supervision have a constitutional expectancy of early release. <u>See</u> <u>Malchi v. Thaler</u>, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); <u>see also</u> <u>Teague v. Quarterman</u>, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). As a result, a Texas prisoner cannot demonstrate a constitutional violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. <u>See</u> <u>Malchi</u>, 211 F.3d at 957-58 (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

Crowder cannot demonstrate a constitutional violation. Although it appears that Crowder lost good-time credit as the result of the challenged disciplinary convictions, he is not eligible for mandatory supervision because of his prior conviction for aggravated robbery. <u>See</u> Tex. Gov't Code § 508.149(a)(12) (excluding prisoners convicted of aggravated robbery from

eligibility for mandatory supervision). This is fatal to Crowder's due process claims. See Malchi, 211 F.3d at 957-58.

Although the disciplinary convictions at issue also resulted in a loss of privileges and a reduction in classification status, the Fifth Circuit has recognized that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate due process concerns. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed on privileges are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. See id. Likewise, reductions in a prisoner's custodial classification and the potential impact on good-time credit earning ability are too attenuated to be protected by the Due Process Clause. See Malchi, 211 F.3d at 958; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995); Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). Under these circumstances, Crowder cannot demonstrate a violation of the Due Process Clause, and his pending federal habeas corpus Petition will be denied.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional

-5-

right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 123 S. Ct. at 1039. Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, the court concludes that jurists of reason would not debate whether the petitioner states a valid claim or that the Petition should be resolved in a different manner. Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Joe Earl Crowder (Docket Entry No. 1) is **DISMISSED with prejudice**.

2. Crowder's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 17th day of December, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE